**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-2423**

---

FESSEHAIE ASMARE MITIKU,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals.  (A77-844-547)

---

Submitted:  October 13, 2006          Decided:  November 7, 2006

---

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Solomon Bekele, LAW OFFICES OF SOLOMON & ASSOCIATES, Silver Spring,
Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney
General, James A. Hunolt, Senior Litigation Counsel, Michele Y. F.
Sarko, Office of Immigration Litigation, Civil Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Fessehaie Asmare Mitiku, a native and citizen of Ethiopia, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. Mitiku challenges the finding that he failed to meet his burden of proof to qualify for asylum. We will reverse this decision only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted). We have reviewed the evidence of record, and conclude that substantial evidence supports the holding that Mitiku failed to show past persecution or the well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2006) (stating that the burden of proof is on the alien to establish eligibility for asylum); INS v. Elias-Zacarias, 502 U.S. 478, 483 (1992) (same).

Moreover, since Mitiku cannot sustain his burden on the asylum claim, he cannot establish his entitlement to withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily

- 2 -

ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").

We also find that substantial evidence supports the finding that Mitiku fails to meet the standard for relief under the Convention Against Torture. To obtain such relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2006). Mitiku failed to make the requisite showing before the immigration judge.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED